UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Injah Tafari,

           Plaintiff,

                                    **Hon. Hugh B. Scott**

           v.                              01CV0011

                                    **Decision & Order**

France, et al.,

           Defendants.
_____

       Several motions are pending in this case, including: defendant's motion to preclude plaintiff from calling certain witnesses (Docket No. 102); plaintiff's motion to compel discovery (Docket No. 110); plaintiff's motion in limine (Docket No. 126); defendants' motion in limine (Docket No. 135); and defendants' motion to quash certain subpoenas (Docket No. 140).[1]

**Background**

       The plaintiff, Injah Tafari ("Tafari"), claims that on April 24, 1999, the defendants assaulted him in violation of his civil rights. The defendants deny the plaintiff's allegations.

---

[1] The respective motions in limine (Docket Nos. 126 and 135) will be discussed at the time of the final pretrial conference on February 28, 2006. This Decision & Order will deal with the remaining discovery motions.

This case is scheduled for trial commencing March 6, 2006.

**Motion To Preclude Witnesses**

Prior to the appointment of counsel, the plaintiff had suggested that he intended to call various witnesses. The pretrial statement filed by the plaintiff's counsel reveals that the concerns raised in the defendants' motion to preclude (Docket No. 102) are moot.

**Motion to Compel Discovery & Motion to Quash Subpoenas**

The plaintiff has filed a motion seeking an order directing the defendants to produce eight categories of documents. (Docket No. 110). The plaintiff has also served subpoenas upon the various correctional facilities seeking these same documents. The defendants have filed a motion to quash the subpoenas. (Docket No. 140). The defendants have represented that they have produced, or are in the process of producing, the documents requested in categories 2 through 8. Thus, the only remaining issue is whether the defendants need to respond to the plaintiff's request for copies of all unusual incident reports, use of force reports, misbehavior reports, hearing transcripts, dispositions, appeals, and appeal decisions involving the defendants, as well as all unusual incident reports, use of force reports and misbehavior reports filed in Lakeview Correctional Facility S-Block between July 1998 and July 1999.

The request is overly broad. The defendants need only produce copies of documents contained in the defendants' personnel files relating to any unusual incident report, use of force, or lawsuit in which the defendants are named parties. The plaintiff's request is otherwise denied. The motion to compel is granted in part and denied in part as stated above. The motion to quash the subpoenas is granted.

    So Ordered.

                                                   /s/ Hugh B. Scott
                                         United States Magistrate Judge
                                         Western District of New York

Buffalo, New York
February 27, 2006